UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NANCY NORTON,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

Civil Action No. 20-0921 (CKK)

MEMORANDUM OPINION
(March 18, 2021)

Plaintiff Nancy Norton brings this action against Defendant United States of America under the Federal Tort Claims Act ("FTCA"), alleging that she suffered injuries when she tripped and fell on the White House grounds. *See* Am. Compl., ECF No. 9, ¶¶ 2, 18–20. Pending before the Court is Defendant's [10] Motion to Dismiss. Defendant claims that this Court lacks jurisdiction over Plaintiff's claim because her exclusive remedy is through the Federal Employees' Compensation Act ("FECA"), and not the FTCA. In the alternative, Defendant argues that even if Plaintiff may obtain relief under the FTCA, this Court lacks subject matter jurisdiction because Plaintiff failed to exhaust her administrative remedies prior to commencing this civil action. Upon consideration of the pleadings, the relevant legal authorities, and the record as a whole, the Court **GRANTS** Defendant's Motion to Dismiss because it lacks subject matter jurisdiction over Plaintiff's claim.[1]

---

[1] This Court's consideration has focused on the following documents:
- Def.'s Mem. in Supp. of Mot. to Dismiss Am. Compl. ("Def.'s Mem."), ECF No. 10-1;
- Pl.'s Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Opp'n"), ECF No. 12; and
- Def.'s Reply in Supp. of Mot. to Dismiss Am. Compl. ("Def.'s Reply"), ECF No. 13.

1

## I.  BACKGROUND

Plaintiff's claim in this action stems from an injury she suffered during the White House Easter Egg Roll (hereinafter referred to as the "Easter Egg Roll") on April 22, 2019, which was held at the White House in President's Park.  *See* Am. Compl. ¶¶ 12, 18–26.  According to Plaintiff, she was hired by Rosedale Marketing LLC, a private company, to work at the Easter Egg Roll.  *Id.* ¶ 14.  Plaintiff alleges that, during a break from work, she sustained severe injuries when she tripped and fell on an unsecured cord on an asphalt walkway in President's Park.  Am. Compl. ¶¶ 18–26.  Plaintiff contends that Defendant negligently maintained the White House grounds and walkways in an unsafe condition during the event, and that Defendant knew, or, in the exercise of reasonable care, should have known that the asphalt walkway was "extremely dangerous and posed a risk of severe injury to event attendees."  *Id.* ¶¶ 27, 31.  Plaintiff further claims that Defendant, as the host of the Easter Egg Roll, breached its duty of care owed to her by failing to place warning signs on the walkway or "correct the dangerous condition by the unsecured cord."  *Id.* ¶¶ 30, 32.

Plaintiff subsequently began the administrative process to obtain monetary damages under the FTCA for personal injuries.  On August 6, 2019, Plaintiff filed an administrative tort claim with the United States Department of Justice ("DOJ").  *Id.* ¶ 3.  On September 24, 2019, DOJ acknowledged receipt of Plaintiff's claim and informed her that it was forwarded to the White House.  *Id.* ¶ 4.  Plaintiff then initiated this civil action on April 7, 2020, claiming that she had not received a response from the White House as of that date.  Compl., ECF No. 1, ¶ 6.

On July 13, 2020, the White House informed Plaintiff that it had forwarded her administrative tort claim to the National Park Service ("NPS").  Am. Compl. ¶ 7.  The next day, Defendant filed a motion to dismiss Plaintiff's original complaint.  *See* ECF No. 7.  On July 21, 2020, Plaintiff herself submitted a copy of her administrative tort claim to NPS, attaching to it her correspondence from DOJ and the White House.  Am. Compl. ¶ 7.

On July 24, 2020, Plaintiff filed an amended complaint, addressing her efforts to submit her claim to NPS since she first filed this lawsuit on April 7, 2020, and providing additional details regarding her alleged employment at the Easter Egg Roll. *See id.* ¶¶ 6–8, 13–16. On August 14, 2020, Defendant moved to dismiss Plaintiff's Amended Complaint, contending that the Court lacks jurisdiction over Plaintiff's claim for two reasons. First, Defendant claims that Plaintiff was working as a volunteer at the Easter Egg Roll, and therefore, pursuant to the Volunteers in the Parks Act ("VPA"), 54 U.S.C. § 102301, Plaintiff would have been considered a federal employee whose exclusive remedy for any injury sustained is through the FECA. Def.'s Mem. at 1. Second, Defendant argues that even if the FTCA applies rather than the FECA, this Court still lacks jurisdiction over Plaintiff's claim because she failed to exhaust her administrative remedies prior to filing her complaint. *Id.* Defendant's Motion is now ripe for the Court's review.

## II.   LEGAL STANDARD

Defendant moves to dismiss Plaintiff's claim for lack of subject matter jurisdiction. A court must dismiss a case pursuant to Federal Rule of Civil Procedure 12(b)(1) when it lacks subject matter jurisdiction. In determining whether there is jurisdiction, the Court may "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Coal. for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (citation omitted); *see also Jerome Stevens Pharm., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1253 (D.C. Cir. 2005) ("[T]he district court may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction.").

In reviewing a motion to dismiss pursuant to Rule 12(b)(1), courts must accept as true all factual allegations in the complaint and construe the complaint liberally, granting plaintiff the benefit of all inferences that can be drawn from the facts alleged. *See Settles v. U.S. Parole*

3

*Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005) ("At the motion to dismiss stage, counseled complaints as well as *pro se* complaints, are to be construed with sufficient liberality to afford all possible inferences favorable to the pleader on allegations of fact."); *Koutny v. Martin*, 530 F. Supp. 2d 84, 87 (D.D.C. 2007) ("[A] court accepts as true all of the factual allegations contained in the complaint and may also consider undisputed facts evidenced in the record." (internal citations and quotation marks omitted).

Despite the favorable inferences that a plaintiff receives on a motion to dismiss, it remains the plaintiff's burden to prove subject matter jurisdiction by a preponderance of the evidence. *Am. Farm Bureau v. U.S. Env't Prot. Agency*, 121 F. Supp. 2d 84, 90 (D.D.C. 2000). "Although a court must accept as true all factual allegations contained in the complaint when reviewing a motion to dismiss pursuant to Rule 12(b)(1), [a] plaintiff['s] factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." *Wright v. Foreign Serv. Grievance Bd.*, 503 F. Supp. 2d 163, 170 (D.D.C. 2007) (internal citations and quotation marks omitted). A court need not accept as true "a legal conclusion couched as a factual allegation" or an inference "unsupported by the facts set out in the complaint." *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 193 (D.C. Cir. 2006) (internal citation and quotation marks omitted).

### III.   DISCUSSION

In its Motion, Defendant first contends that this Court lacks jurisdiction over Plaintiff's claim because her exclusive remedy is through the FECA. Def.'s Mem. at 1. According to Defendant, Plaintiff was a "volunteer" at the Easter Egg Roll, and therefore, pursuant to the VPA, she is afforded the protections and benefits of a federal employee, including workers' compensation through the FECA for any injury sustained while volunteering. *Id.* Defendant also contends that even if the FTCA applies, the Court still lacks jurisdiction over Plaintiff's claim

4

because she failed to exhaust her administrative remedies before filing her complaint in April 2020. *Id.* at 2. The Court concludes that Plaintiff failed to satisfy the FTCA's exhaustion requirement prior to commencing her civil action, and so it does not consider Defendant's arguments regarding whether Plaintiff was a volunteer subject to the FECA.

### A. Exhaustion of Administrative Remedies

Under the FTCA, a plaintiff may sue the government for "personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government." 28 U.S.C. § 1346(b)(1). In order to bring suit under the FTCA, however, a claimant must first satisfy the FTCA's exhaustion requirement under 28 U.S.C. § 2675(a). This section provides:

> An action shall not be instituted upon a claim against the United States for money damages for . . . personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government . . . unless the claimant shall have *first presented the claim to the appropriate Federal agency* and his claim shall have been *finally denied by the agency* in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for the purposes of this section.

28 U.S.C. § 2675(a) (emphasis added). The Supreme Court has interpreted this section to mean that "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993). A claimant's failure to "heed [the FTCA's] clear statutory command" warrants dismissal of his claim. *Id.* (upholding dismissal of FTCA claim for lack of jurisdiction when plaintiff failed to exhaust administrative remedies); *see Henderson v. Ratner*, No. CV 10-5035, 2010 WL 2574175, at *1 (D.C. Cir. 2010) (affirming dismissal of FTCA claim when "[claimant] failed to demonstrate that he exhausted his administrative remedies before filing suit in the district court").

Here, Defendant argues that Plaintiff failed to satisfy the FTCA's exhaustion requirement by commencing a civil action before NPS received Plaintiff's administrative tort claim. Def.'s Mem. at 14. Plaintiff filed her initial complaint before this Court on April 7, 2020, approximately three months before submitting her administrative claim to NPS on July 21, 2020. *See* Am. Compl. ¶ 7. Therefore, Plaintiff failed to adhere to the FTCA's exhaustion requirement.

Plaintiff, however, contends that because she submitted her administrative claim to DOJ on August 6, 2019, and then waited approximately seven months for the White House to respond after it had received her claim from DOJ on September 24, 2019, Defendant "cannot now seek to undermine" Plaintiff's "good faith effort to comply" with the FTCA. Pl.'s Opp'n at 8–9. Plaintiff's "good faith effort" is insufficient to bypass the FTCA's exhaustion requirement. Under the FTCA, "exhaustion occurs once a claimant has presented the *appropriate* federal agency with a claim . . . and the agency has (1) denied the claim in writing or (2) failed to provide a final disposition within six months of the claim's filing." *Cureton v. U.S. Marshals Serv.*, 322 F. Supp. 2d 23, 27 (D.D.C. 2004) (emphasis added); *Menifee v. U.S. Dep't of the Interior*, 931 F. Supp. 2d 149, 161 (D.D.C. 2013) (same). This requirement "enables the agency to investigate and ascertain the strength of a claim . . . [and] determine whether settlement or negotiations to that end are desirable." *GAF Corp. v. United States*, 818 F.2d 901, 920 (D.C. Cir. 1987); *see also Wilbur v. C.I.A.*, 355 F.3d 675, 677 (D.C. Cir. 2004) (citation omitted) ("Exhaustion of administrative remedies is generally required before seeking judicial review 'so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision.'").

Here, Plaintiff contends that Defendant had notice of her administrative claim "for over a year." Pl.'s Opp'n at 9. But *NPS* did not receive notice of Plaintiff's administrative claim until

the White House forwarded it to the agency on July 13, 2020, Am. Compl. ¶ 6, and it was not until July 21, 2020, that Plaintiff submitted her claim directly to NPS, *id.* ¶ 7. Moreover, Plaintiff has not explained why she did not know that NPS was the "appropriate Federal agency," § 2675(a), or why she believed DOJ was the appropriate agency, other than stating that it is "an agent of Defendant," Pl.'s Opp'n at 8. Accordingly, Plaintiff's argument that she made a "good faith effort to comply" with the FTCA's exhaustion requirement is not enough.

The exhaustion of administrative remedies can be jurisdictional or non-jurisdictional. *See Avocados Plus Inc. v. Veneman*, 370 F.3d 1243, 1247–48 (D.C. Cir. 2004) (discussing the distinction). Non-jurisdictional exhaustion is "a judicially created doctrine requiring parties who seek to challenge agency action to exhaust available administrative remedies before bringing their case to court." *Id.* at 1247. Jurisdictional exhaustion, however, "requires [the plaintiff to] resort to the administrative process as a predicate to judicial review." *Id.* The D.C. Circuit has consistently held that the "FTCA's requirement of filing an administrative complaint with the appropriate agency prior to instituting an action [is] jurisdictional." *Simpkins v. Dist. of Columbia*, 108 F.3d 366, 371 (D.C. Cir. 1997); *see, e.g.*, *Odin v. United States*, 656 F.2d 798, 802 (D.C. Cir. 1981) (stating that section 2675(a) is a "'jurisdictional prerequisite[]' to suit"); *GAF Corp.*, 818 F.2d at 904–05 (stating section 2675(a) imposes a "jurisdictional prerequisite to the maintenance of a tort suit against the United States"). In addition, an agency denial, or deemed denial after six months, is also part of this jurisdictional prerequisite. *See McNeil*, 508 U.S. at 112 ("The most natural reading of [section 2675(a)] indicates that Congress intended to require complete exhaustion . . . before invocation of the judicial process"); *Chien v. United States*, No. 17-2334 (CKK), 2019 WL 4602119, at *8 (D.D.C. Sept. 23, 2019) (same). Furthermore, courts in this Circuit have found that a "court may not waive the FTCA's exhaustion requirement on

equitable grounds." *Chien*, 2019 WL 4602119, at *8 (citation omitted); *Corsi v. Mueller*, 422 F. Supp. 3d 51, 73 (D.D.C. 2019) (same); *cf. Smith v. Clinton*, 253 F. Supp. 3d 222, 238 (D.D.C. 2017) (rejecting plaintiffs contention that "exhaustion would be futile" because the "FTCA's exhaustion requirement is jurisdictional and cannot be excised"), *aff'd*, 886 F.3d 122 (D.C. Cir.). Therefore, although it took approximately ten months for the White House to inform Plaintiff that NPS received her administrative tort claim, Plaintiff cannot rely on this fact alone as the basis for the Court to waive the exhaustion requirement.

Next, Plaintiff suggests that the "lengthy delay" by the White House satisfies the FTCA's exhaustion requirement as the statute provides that the "failure of an agency to make final disposition of a claim within six months after it is filed shall . . . be deemed a final denial of the claim." § 2675(a); *see* Pl.'s Opp'n at 9 ("Defendant has had notice of Plaintiff's claim for over a year, and [] Defendant delayed for ten months in sending the claim from the White House to NPS.") This argument also fails because it is the "*claimant's* responsibility to submit [her] tort claim to the appropriate federal agency." *Young-Bey v. Unity Med. Healthcare*, 217 F. Supp. 3d 304, 309 (D.D.C. 2016) (emphasis added); *id.* at 309–10 (rejecting plaintiff's argument that he submitted his claim to appropriate agency by submitting it to a grantee of the appropriate agency); *cf. McNeil*, 508 U.S. at 111 (emphasis added) (finding the "command that an 'action shall not be instituted . . . unless *the claimant* shall have first presented the claim to the *appropriate Federal agency* and his claim shall have been *finally denied by the agency*'" to be "unambiguous"). The Court reiterates that Plaintiff has not explained why she believed submitting her claim to DOJ would be sufficient to satisfy the FTCA's procedural requirements, or why she was unable to find out that NPS was the appropriate agency given that she sustained her injuries in President's Park, a National Park.[2]

---

[2] *See* The President of the United States lives in a National Park, NPS.gov, https://www.nps.gov/whho/index.htm (last visited Mar. 18, 2021).

Finally, Plaintiff's amended complaint also cannot satisfy the FTCA's exhaustion requirement. Under the FTCA, the appropriate analysis is whether the claimant exhausted her administrative remedies *at the time she filed her complaint*, not whether the exhaustion requirement was ultimately satisfied at a later date. *See Hurt v. Lappin*, 729 F. Supp. 2d 186, 190 (D.D.C. 2010) ("Even though the six-month period has now expired, the relevant analysis is whether [plaintiff] had exhausted his administrative remedy at the time he filed his complaint."); *McNeil*, 508 U.S. at 111 (rejecting plaintiff's argument that subsequent receipt of formal denial from an agency is sufficient to satisfy the exhaustion remedies). As a result, "a premature 'complaint cannot be cured through amendment, but instead, plaintiff must file a new suit.'" *Harrod v. U.S. Parole Comm'n*, No. 13-774 (RMC), 2014 WL 606196, at *1 (D.D.C. 2014) (collecting cases); *Edwards v. Dist. of Columbia*, 616 F. Supp. 2d 112, 117 (D.D.C. 2009) (internal citations omitted) ("[T]he failure to exhaust administrative remedies *prior* to filing suit cannot be remedied by amending the complaint at a later date.").

Accordingly, Plaintiff's amended complaint, which incorporates the updates in the procedural history and addresses her employment during the Easter Egg Roll, cannot cure the defect in this case, nor can the Court bypass the FTCA's exhaustion requirement. *See McNeil*, 508 U.S. at 12 ("Every premature filing of an action under the FTCA imposes some burden on the judicial system. . . . The interest in orderly administration of this body of litigation is best served by adherence to the straightforward statutory command"); *Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999) ("Allowing claimants [] to bring suit under the FTCA before exhausting their administrative remedies and to cure the jurisdictional defect by filing an amended complaint would render the exhaustion requirement meaningless and impose an unnecessary burden on the judicial system."). Furthermore, the Court cannot grant Plaintiff's request to stay the proceedings, rather

9

than dismiss her case. *See McNeil*, 508 U.S. at 113 (holding a claimant's "fail[ure] to heed [the FTCA's clear statutory command" warrants dismissal of his case).

### B. Dismissal Without Prejudice

Lastly, the Court addresses whether it should dismiss Plaintiff's amended complaint with or without prejudice. Although the Supreme Court has affirmed a dismissal with prejudice for failure to comply with section 2675(a), *see McNeil*, 508 U.S. at 113, courts in this Circuit have often dismissed such cases without prejudice, *see, e.g.*, *Simpkins*, 108 F.3d at 372 (reversing in part district court's dismissal with prejudice and remanding for dismissal without prejudice); *M.J. v. Georgetown Uni. Med. Ctr.*, No. 13-5321, 2014 WL 1378274, at *1 (D.C. Cir. 2014) (modifying district court's dismissal pursuant to *Simpkins*); *Chien*, 2019 WL 4602119, at *8 (applying same standards); *Hurt*, 729 F. Supp. 2d at 191 (granting defendant's motion to dismiss without prejudice). Therefore, the Court's dismissal of this case based on Plaintiff's failure to exhaust her administrative remedies will be without prejudice.

### IV. CONCLUSION

The Court concludes that Plaintiff has failed to exhaust her administrative remedies as required by the FTCA. Accordingly, this Court is without subject matter jurisdiction over Plaintiff's claim. For the foregoing reasons, Defendant's [10] Motion to Dismiss is **GRANTED** and the case shall be **DISMISSED WITHOUT PREJUDICE**. An appropriate Order accompanies this Memorandum Opinion.

                                                /s/
                                       COLLEEN KOLLAR-KOTELLY
                                       United States District Judge